UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LAWRENCE L THOMPSON,<br><br>    Plaintiff,<br><br> v.<br><br>COPELAND,<br><br>    Defendant. | CASE NO. C14-1769 MJP-MAT<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

THIS MATTER comes before the Court on Plaintiff's and Defendant Copeland's Objections to the Report and Recommendation of the Honorable Magistrate Judge Mary Alice Theiler. (Dkt. Nos. 38, 40.) Having reviewed the Report and Recommendation, the Parties' objections, and the related record, the Court ADOPTS the Report and Recommendation. This matter is re-referred to Judge Theiler to prepare a Report and Recommendation on Defendant Copeland's second motion to dismiss.

**Background**

Plaintiff brought this civil rights suit under 42 U.S.C. §1983 ("Section 1983") alleging violations of his constitutional rights arising out of his December 2011 arrest by King County

ORDER ADOPTING REPORT AND
RECOMMENDATION- 1

1  Deputy Sheriff Samuel "Pete" Copeland.  (Dkt. No. 8.)  The relevant facts from Plaintiff's

2  Second Amended Complaint, the operative pleading in this case, are set forth in Judge Theiler's

3  Report and Recommendation ("R&R").  (Dkt. No. 33 at 2–6.)  The Court does not repeat them

4  here.

5        Defendant Copeland and Defendant King County moved to dismiss Plaintiff's Second

6  Amended Complaint.  (Dkt. No. 16.)  In the R&R, Judge Theiler recommended that the Court

7  grant Defendants' Motion to Dismiss with respect to Plaintiff's unlawful stop, unlawful arrest,

8  and malicious prosecution claims asserted against Defendant Copeland, and with respect to all

9  claims asserted against Defendant King County.  (Dkt. No. 33 at 16.)  Judge Theiler further

10 recommended Defendants' Motion to Dismiss be denied with respect to Plaintiff's unlawful

11 search and excessive force claims.  (Id.)  Judge Theiler also recommended the Court deny

12 Defendants' motion to stay discovery as moot.  (Id.)  Both Plaintiff and Defendant Copeland

13 have filed objections to Judge Theiler's R&R.  (Dkt. Nos. 38, 40.)

14       **Discussion**

15 **A.  Legal Standard**

16       Under Federal Rule of Civil Procedure 72, the District Judge must resolve de novo any

17 part of the Magistrate Judge's R&R that has been properly objected to and may accept, reject, or

18 modify the recommended disposition.  Fed. R. Civ. P. 72(b)(3); See also 28 U.S.C. § 636(b)(1).

19 **B.  Plaintiff's Objections to the R&R**

20       Plaintiff has filed a thirty-page document styled as a "Report and Recommendation."

21 (Dkt. No. 38-1.)  The Court construes this filing as Plaintiff's objections to the R&R.  See

22 Agyeman v. I.N.S., 296 F.3d 871, 878 (9th Cir. 2002) (pro se pleadings are liberally construed).

23 However, in the objections Plaintiff reiterates legal arguments supporting his claims that Judge

24 Theiler considered when preparing the R&R.  (Dkt. Nos. 38, 38-1.)  For example, Plaintiff

argues Defendant King County failed to properly supervise and/or train its officers. (Dkt. No. 38-1 at 11.) Judge Theiler adequately addressed this argument and found that Plaintiff's conclusory allegations were insufficient to state a viable claim for relief against Defendant King County. (Dkt. No. 33 at 16.) By way of further example, Plaintiff argues Deputy Copeland's traffic stop violated his constitutional rights. (Dkt. No. 38-1 at 15–18.) Judge Theiler adequately addressed this argument and found that "[t]he traffic stop at issue here passes federal constitutional muster because the record establishes that Deputy Copeland had probable cause to believe traffic violations had occurred." (Dkt. No. 33 at 7.) Because he repeats arguments Judge Theiler already adequately considered, Plaintiff's objections to the R&R fail to point out any error in the R&R.

**C. Defendant Copeland's Objections to the R&R**

Defendant Copeland objects to Judge Theiler's recommendation that the Court deny Defendants' motion to dismiss with respect to Plaintiff's illegal search and excessive force claims. (Dkt. No. 40.)

Judge Theiler recommended the Court deny Defendants' motion to dismiss with respect to Plaintiff's illegal search claim on the grounds that the record did not establish that Defendant Copeland was entitled to qualified immunity. (Dkt. No. 33 at 10–12.) Specifically, Judge Theiler found that while Defendant Copeland's reliance on the municipal ordinance to impound Plaintiff's vehicle was not unreasonable, the record was devoid of any evidence that the subsequent inventory search of Plaintiff's vehicle was carried out in accordance with departmental standards as is required for a proper inventory search. (Id.); see also United States v. Penn, 233 F.3d 1111, 1114–15 (9th Cir. 2000) (inventory searches conducted in accordance with standard procedures of the local police department are permissible). Defendant Copeland

ORDER ADOPTING REPORT AND
RECOMMENDATION- 3

1 argues Judge Theiler erred in making this recommendation because the fact that Judge Mahoney
2 later issued a warrant authorizing a second search of Plaintiff's vehicle shows Defendant
3 Copeland acted reasonably. (Dkt. No. 40 at 1–3.) Judge Theiler adequately addressed this
4 argument and found that "the fact that Judge Mahoney later issued a warrant authorizing the
5 search of plaintiff's vehicle" does not show that the initial warrantless search of Plaintiff's
6 vehicle was permissible. (Dkt. No. 33 at 12.) Defendant Copeland's objection to the R&R fails
7 to point out any error in the R&R.

8 Judge Theiler recommended the Court deny Defendants' motion to dismiss as to
9 Plaintiff's excessive force claim for two reasons. (Dkt. No. 33 at 14.) First, Defendants failed to
10 address Plaintiff's contention that he was ordered to the ground at gunpoint and threatened with
11 harm after Deputy Copeland saw the gun in the backseat of Plaintiff's vehicle. (Id.) Second,
12 there was no evidence in the record that Plaintiff posed an immediate threat to the safety of the
13 officers or others, or that he was actively resisting. (Id.)

14 Defendant Copeland objects to Judge Theiler's recommendation arguing the following
15 evidence in the record was sufficient to show that Plaintiff posed an immediate threat to the
16 safety of the officers: (1) Plaintiff was a convicted felon; (2) Plaintiff was sitting on the front of
17 the police car, not in handcuffs; (3) a loaded revolver was discovered on the passenger
18 floorboard of the car while the rear passenger door was open; and (4) that Plaintiff engaged in
19 behavior "consistent with trying to hide the handgun prior to the traffic stop." (Dkt. No. 40 at 3.)
20 However, Judge Theiler considered these facts and found relevant the fact that Defendant
21 Copeland had already conducted a pat-down search for weapons at the time that he allegedly
22 threatened Plaintiff, and the fact that Plaintiff was cooperating with the officers while Defendant
23
24

1  Copeland searched Plaintiff's vehicle.  (Dkt. No. 33 at 14.)  Although he may disagree with the

2  R&R, Defendant Copeland's objection to the R&R fails to point out any error in the R&R.

3        Finally, Defendant Copeland argues the Court should consider additional evidence

4  submitted with his second motion to dismiss.  (Dkt. No. 40 at 4.)  This second motion to dismiss

5  was filed after Judge Theiler issued her R&R on Defendants' motion to dismiss and is presently

6  pending before the Court.  (Id.)  Defendant Copeland argues the later-filed evidence shows

7  dismissal of Plaintiff's illegal search and excessive force claims is appropriate.  (Id.)  The Court

8  declines to consider this later-filed evidence at this stage, and re-refers this matter to Judge

9  Theiler for the preparation of a Report and Recommendation on Defendant Copeland's second

10 motion to dismiss.

## Conclusion

12       The Court ADOPTS the Report and Recommendation, (Dkt. No. 33.)  This matter is re-

13 referred to Judge Theiler to prepare a Report and Recommendation on Defendant Copeland's

14 second motion to dismiss.

15       The clerk is ordered to provide copies of this order to all counsel.

16       Dated this 4th day of November, 2015.

                                                  Marsha J. Pechman
                                                  United States District Judge