UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LAWRENCE L THOMPSON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SUE RAHR, et al.,<br><br>　　　　Defendants. | CASE NO. C14-1769-MJP<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

THIS MATTER comes before the Court on Plaintiff's Objections to the Report and Recommendation of the Honorable Mary Alice Theiler, United States Magistrate Judge. (Dkt. No. 47.) Having reviewed the Report and Recommendation, (Dkt. No. 46), Plaintiff's Objections, Defendant Copeland's reply, (Dkt. No. 48), and the related record, the Court hereby ADOPTS the Report and Recommendation. Plaintiff's Second Amended Complaint and this action are DISMISSED with prejudice.

**Background**

Plaintiff brought this suit under 42 U.S.C. §1983 asserting claims arising out of his arrest in December 2011 by King County Deputy Sheriff Samuel "Pete" Copeland. (Dkt. No. 8.) The

facts relevant to Plaintiff's claims and the procedural background of this case are set forth in Judge Theiler's Report and Recommendation ("R&R"), (Dkt. No. 46 at 1–3.) The Court does not repeat them here.

Defendant Copeland has filed a second motion to dismiss Plaintiff's claims against him on the grounds that he is entitled to qualified immunity. (Dkt. No. 34.) In the R&R, Judge Theiler recommended that the Court grant Defendant Copeland's second motion to dismiss, and that the Court dismiss Plaintiff's Second Amended Complaint and this case with prejudice. (Dkt. No. 46 at 10.) Plaintiff has filed objections to Judge Theiler's R&R. (Dkt. No. 47.)

## Discussion

**A. Legal Standard**

Under Federal Rule of Civil Procedure 72, the District Judge must resolve de novo any part of the Magistrate Judge's R&R that has been properly objected to and may accept, reject, or modify the recommended disposition. Fed. R. Civ. P. 72(b)(3); See also 28 U.S.C. § 636(b)(1).

**B. Plaintiff's Objections to the R&R**

In his Objections to Judge Theiler's R&R, (Dkt. No. 47 at 5–6), Plaintiff discusses claims that have already been dismissed by the Court. (See Dkt. No. 42.) Because Plaintiff has already had an opportunity to object to the dismissal of these claims, (id.), the Court will not consider Plaintiff's arguments regarding these claims again here. Plaintiff also makes many of the same arguments regarding his excessive force claim that Judge Theiler addressed in her R&R. (Dkt. No. 47 at 7.) The Court finds these arguments fail to show any error in the R&R.

Plaintiff also appears to argue, in reliance on United States v. Wanless, 882 F.2d 1459, 1460 (9th Cir. 1989), that Defendant Copeland was required to ask Plaintiff for his consent before conducting an inventory search of Plaintiff's vehicle. (Dkt. No. 47 at 9.) Defendant Copeland argues Wanless rests on an incorrect interpretation of Washington law. (Dkt. No. 48 at

2.) Defendant Copeland further argues because the Washington Supreme Court has declined to adopt a request-to-consent requirement for inventory searches and because nothing in the King County Sheriff's Office's policy required Defendant Copeland to request consent prior to searching, it was not unreasonable for Defendant Copeland to conduct the inventory search at issue and that he is entitled to qualified immunity. (Id. at 4.) The Court agrees with Defendant Copeland, and finds Plaintiff's arguments regarding Wanless do now show any error in the R&R.

## Conclusion

The Court ADOPTS the Report and Recommendation. (Dkt. No. 46.) Plaintiff's Second Amended Complaint and this action are DISMISSED with prejudice.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 6th day of April, 2016.

Marsha J. Pechman
United States District Judge

ORDER ADOPTING REPORT AND
RECOMMENDATION- 3